#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL H. FIENMAN,** *et al.* | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 20-5170 |
| | : | |
| **USAA CASUALTY INSURANCE COMPANY** | : : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                             **October 30, 2020**

As part of their agreement to insure their car, a Delaware County couple agreed to bring any lawsuit against its Texas car insurer in a court of competent jurisdiction in the county and state where the couple lived at the time of the accident. Their agreement does not define a specific county or court. It only requires the suit be brought there; it does not address what happens after filing. Following an accident, the couple sued their Texas car insurer in the Court of Common Pleas of Delaware County where they lived at the time of the accident. The Texas car insurer timely removed to another court (ours). The couple now seeks to remand claiming this court is not a "court of competent jurisdiction" in Delaware County and Pennsylvania. The couple also wants attorney's fees for their efforts. Their argument avoids bedrock contract construction principles and understanding our jurisdiction. We are a court of competent jurisdiction in Delaware County and in Pennsylvania. Nothing in their insurance agreement precludes the Texas insurer from removing to another court with competent jurisdiction to resolve the case. We deny the motion for remand and fees before anyone incurs more fees.

**I.   Facts**

Delaware County, Pennsylvania residents Michael and Ashley Fienman sued their automobile insurer, USAA Casualty Insurance Company, in the Delaware County Court of Common Pleas.[1] They claim USAA breached the insurance contract and acted in bad faith in denying them underinsured motorist benefits arising from a March 2017 car accident.[2] The Fienmans seek damages of one million dollars, as well as punitive damages for the bad faith claim.[3] The Fienmans resided in Delaware County, Pennsylvania when the car accident occurred and when they filed suit.[4]  USAA is a Texas based insurer of diverse citizenship from the Fienmans.  USAA timely removed the case to this District invoking our diversity jurisdiction.[5]

**II.   Analysis**

The Fienmans move to remand to the Delaware County Court of Common Pleas, arguing USAA unambiguously waived its right to remove to this Court in a forum selection clause in the Fienmans' insurance contract.  The Fienmans agreed to the USAA forum selection clause : "Unless we agree otherwise, any legal action against us must be brought in a court of competent jurisdiction in the county and state where the covered person lived at the time of the accident."[6] The Fienmans argue this clause mandates suit can only be brought in the Delaware County Court of Common Pleas.[7] We disagree.

Judge Brody interpreted USAA's identical forum selection clause almost two years ago in *Bennett v. United States Automobile Association* and found the clause permitted the parties to sue in this Court.[8] In *Bennett*, the insured filed suit against USAA in this Court for underinsured motorist benefits.[9]  USAA moved to transfer to the Court of Common Pleas of Montgomery County under the *forum non conveniens* doctrine, arguing USAA's forum selection clause mandated suit be brought in their home county state court in Montgomery County.[10] Judge Brody

denied USAA's motion to transfer based on the identical forum selection clause. She began her analysis reminding us to interpret forum selection clauses like any other contract term. We must determine whether the parties unambiguously agreed to select a forum. Judge Brody then reminded us "[t]o be unambiguous, a contract clause must be reasonably capable of only one construction."[11] Judge Brody found USAA's identical forum selection clause allowed the parties to sue "in a court of competent jurisdiction" in Montgomery County, which includes the United States District Court for the Eastern District of Pennsylvania.[12]

In *Epps v. 1.I.L., Inc.*, Judge Giles similarly found a forum selection clause providing "any dispute…can only be brought in a court of competent jurisdiction located in Wayne County Pennsylvania" did not limit forum exclusively to state court.[13] He found the plain language of the clause permitted an action to be brought "in any court of the county, including the federal court in the federal judicial district encompassing Wayne County, Pennsylvania, regardless of whether the federal court is physically located in the county."[14]

The Fienmans may have a stronger argument if USAA's forum selection clause picked a specific county court. For example, in *Mizauctions, LLC v. Cross*, Judge Leeson granted plaintiff's motion for remand to the Lancaster County Court of Common Pleas where the forum selection clause read, in relevant part, "[a]ll disputes…shall be litigated solely in courts located in Lancaster County, Pennsylvania."[15] Judge Leeson rejected defendant's argument the clause also allowed for suit to be filed in this District because it encompasses Lancaster County.[16] He explained "[i]f the parties identify a county where there is a federal courthouse…it may be quite natural to conclude that they intended that disputes could be brought to that courthouse."[17] Since this District never maintained a courthouse in Lancaster County, Judge Leeson had "no reason to believe that by

3

naming the county as their exclusive forum, they intended for their disputes to be heard in federal court."[18]  Again, we interpret unambiguous language to confirm the parties' intent.

The USAA forum selection clause here is distinguishable from the one at issue in *Mizauctions* in three significant ways. First, the USAA clause at issue today does not specify an exclusive county – having it instead depend on the insured's residence at the time of the accident – so we cannot conclude the clause definitively did not contemplate federal actions. Under the Fienmans' theory, residents in Philadelphia, Berks, Lehigh, and Northampton counties (all with federal courthouses) can bring suit in federal court but not residents from the other five counties in our District.  Absent clarity, this makes no sense and hard to enforce as expressing the intent of the parties.  The clause, more significantly, also does not require the parties to only bring lawsuits "in courts located" in a county. The parties instead agreed lawsuits be filed "in a court of competent jurisdiction" in the county. While there is no federal courthouse in Delaware County, this District does properly exercise jurisdiction over Delaware County, as both Judge Brody and Judge Giles concluded.[19]  Further, USAA's clause only requires the lawsuit be "brought" in a court of competent jurisdiction located in the county of the insured's residence.  In *Mizauctions*, Judge Leeson reviewed a clause requiring all disputes be "litigated solely" in the Lancaster County courts.  The Fienmans, even assuming we could stretch their remand argument beyond reason, brought suit in state court but nothing prohibited the removal for further litigation to another court of competent jurisdiction in their county and their state.  For example, this Court.

USAA's did not waive its right to removal through the forum selection clause.  As this is the only reason the Fienmans posit for remand, we deny their motion.

**III.     Conclusion**

The forum selection clause in the Fienmans' automobile insurance contract allows for suit to be filed in this District. The Fienmans filed suit in this District. USAA has the right to timely remove upon showing of diversity jurisdiction. It has done so. We deny the Fienmans' Motion for remand to the Delaware County Court of Common Pleas, as well as their request for attorney's fees.

---

[1] ECF Doc. No. 1 at 14-30.

[2] *Id.* at 25-28.

[3] *Id.*

[4] *Id.* at 16-17.

[5] *Id.* at 7.

[6] ECF Doc. No. 7 at 4-8.

[7] ECF Doc. No. 7 at 6.

[8] No. 18-03943, 2018 WL 6528159, at *1-2 (E.D. Pa. Dec. 12, 2018).

[9] *Id.* at *1.

[10] *Id.* at *1.

[11] *Id.* at *1 (citing *John Wyeth & Bro. Ltd. v. Cigna Int'l Corp.*, 119 F.3d 1070, 1074 (3d Cir. 1997)).

[12] *Id.* at *2 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 881 (3d Cir. 1995)).

[13] No. 07-02314, 2007 WL 4463588, at *3 (E.D. Pa. Dec. 19, 2007).

[14] *Id.*

[15] No. 17-02935, 2017 WL 3602079, at *3-4 (E.D. Pa. Aug. 22, 2017); *see also PGT Trucking, Inc. v. Lyman*, 500 F. App'x 202, 204 (3d Cir. 2012) (affirming district court's order remanding case where forum selection clause mandated legal actions "be brought only in the Court of Common Pleas of Beaver County, PA.").

---

[16] 2017 WL 3602079 at *3-4.

[17] *Id.* at *3.

[18] *Id.* at *4.

[19] *See Jumara v. State Farm Ins. Co.*, 55 F.3d at 881 ("[T]he phrase "a court of record in the county" includes the United States District Court for the Middle District of Pennsylvania, the federal judicial district that encompasses Luzerne County.").